VITALE, VICKREY, NIRO, SOLON & GASEY LLP
PAUL K. VICKREY (*pending admission pro hac vice*)
vickrey@vvnlaw.com
ART GASEY (*pending admission pro hac vice*)
gasey@vvnlaw.com
311 S. Wacker Dr., Ste. 2470
Chicago, IL 60606
Phone: 312-236-0733

THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

Attorneys for Plaintiff
PRESTON INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON INDUSTRIES, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BREVILLE PTY LIMITED, a New South Wales, Australian proprietary company, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **BREACH OF CONTRACT** <br> 2. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> **[Demand for Jury Trial]** |

Plaintiff, PRESTON INDUSTRIES, INC. ("Preston" or "Plaintiff"), an Illinois corporation, by and through its attorneys, for its Complaint against Defendant, BREVILLE PTY LIMITED ("Breville" or "Defendant"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Preston alleges that Breville has unlawfully refused to pay royalties due under a 2014 license agreement; Preston asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

2. Preston is a corporation incorporated in the State of Illinois, with its principal place of business at 6600 W. Touhy Ave., Niles, Illinois.

3. Breville is a proprietary company organized and existing under the laws of Australia.

4. Breville is a kitchen appliance maker which sells its products in the United States through Breville, USA, Inc., which is its United States affiliate. Breville, USA, Inc., is a corporation organized under the laws of the State of California, having its principal place of business in Torrance, California.

5. This court has jurisdiction over the matters raised herein pursuant to 28 U.S.C. § 1332(a)(2), inasmuch as the matter in controversy exceeds the sum of $75,000 and is between citizen of a state and a citizen of a foreign state.

6. Venue in this matter is proper in this district because Defendant regularly does business with and through its affiliate in this District and pursuant to 28 U.S.C.§ 1391(b) and (c); it has also contractually agreed to defend against suit in this venue.

## BACKGROUND

A. **ALLEGATIONS COMMON TO ALL COUNTS**

    1. **Preston's Development of Sous Vide Technology**

7. Preston built itself into the leading manufacturer of sous vide circulators used in the finest kitchens in the United States and across the globe.

1  Sous vide (French for "under vacuum"), also known as low-temperature, long-time
2  cooking, is a method of cooking in which food is placed in a plastic pouch or similar
3  sealed container and cooked in a water bath for longer than usual cooking times
4  (usually 1 to 7 hours, up to 72 or more hours in some cases) at a precisely regulated
5  temperature.  Such precisely regulated baths can be provided by products known as
6  circulators, or thermal circulators.

    8.    Preston sold several models of thermal circulators under its mark
SOUS VIDE® including the 7306, 7312, SVC-AC1, SVC-AC2, and CRC-5AC1
circulator models. The trademark SOUS VIDE designated circulator goods sold by
Preston.  As early as February, 2007, Preston sold a thermal circulator under its
SOUS VIDE trademark.  In October 2007, as part of developing Preston's business,
Philip Preston, President of Preston, appeared on the show "The Next Iron Chef,
Episode 2" on the Food Network. Mr. Preston presented the Preston SOUS VIDE®
thermal circulator to some of the top chefs in America and a nationwide audience.
Mr. Preston and his company were also featured in Food & Wine magazine and
Time Magazine.  His work in the culinary arts made him a three-time winner of the
Star Chef's Award for Technology, Food Networks' Tasty Technology Award, and
winner of the Madrid Fusion Technology Award.  An illustration of one of Preston's
SOUS VIDE circulator models (with and without water bath, respectively) is shown
below:

 

***Preston's Creative Series SOUS VIDE® Circulator***

9. Preston continued to develop its SOUS VIDE business and brand over the following years, gaining recognition with the public at large and the experts in this field.

10. After many years of building its business, Preston had achieved annual sales of about 8 million for its SOUS VIDE product line by 2014, with year over year sales growth exceeding 35%.

### 2. Breville Enters Sous Vide Space By Acquiring Preston's SOUS VIDE Line

11. Breville has been long known as a kitchen appliance maker. Its product offerings include juicers, toaster and other kitchen appliances. However, prior to its purchase of Preston's SOUS VIDE product line, it had no sous vide product offerings. In an attempt to grow its business, in 2014 Breville bought Preston's SOUS VIDE product line pursuant to a project codenamed "Operation Hotwater." Preston and Breville entered into a 2014 Asset Purchase Agreement ("APA") and an Intellectual Property License (the "License," Exhibit 1) on July 1, 2014 for the purpose of pursuing Breville's successful exploitation of Preston's assets in the sous vide space.

12. Since the execution of the License, Breville was obligated to pay Preston "a license fee of ten percent (10%) of the Annual Net Sales of the Current Product Range." (License, Appendix 3, ¶ 1).

### 3. Breville Could Not Circumvent Its Royalty Obligations By Selling Similar, Derivative, Competing Products

13. A significant portion of the consideration to Preston for Breville's acquisition was tied to the future performance of the licensed technology. Therefore, the "Current Product Range" was broadly defined to include both the specific products listed in the License, as well as any "updates, improvements, natural developments, progressions or derivatives" of such products[.]" (License, Appendix 4.) In addition:

All such Current Range Products sold by Breville during the term of the Current Products Range License Fee that in the Parties' reasonable mutual agreement perform substantially the same function as the listed Current Range Products using the same or substantially similar engineering techniques or processes shall be deemed updates, improvements, natural developments, progressions or derivatives of such Current Range Products.

14. Preston insisted upon such language for the "Current Product Range" as part of selling its technology and assets such that Preston would benefit from Breville's pursuit of such progressions, and to ensure (among other things) that various product improvements that Preston had commissioned and provided to Breville would be subject to the License.

15. Unfortunately, Breville essentially allowed the acquired SOUS VIDE line to "die on the vine" while acquiring and selling a competing product in an attempt to circumvent its royalty obligations to Preston. Specifically, in 2019, Breville announced that it was purchasing ChefSteps, maker of the "Joule Sous Vide." Example photos of Breville Joule Sous Vide circulator are shown below:




**(Advertisements for Breville CS0001 Joule Sous Vide)**

16. The Joule Sous Vide is, at a minimum, an "update" or "derivative" of the licensed technology. For example, in 2014, Preston provided Breville plans for a wifi-enabled Sous Vide system with a smart phone interface, as depicted below:



17. The Joule Sous Vide released in 2016 implements the key functionality of Preston's 2014 designs submitted to Breville, including at least the following features:

| Technical Feature | Breville Joule | 2014 Design Proposal to Breville |
|---|---|---|
| Control | +/- 0.1 C | +/- 0.1 C |
| Triac Heater Control | Yes | Yes |
| User Interface including Smart Phone | Yes | Yes |
| Wi-Fi | Yes | Yes |
| Bluetooth | Yes | Yes |
| Cloud/Internet content | Yes | Yes |

- 6 -

COMPLAINT

| | | |
|---|---|---|
| **Predictive Cooking Based on Protein Type, Size, and Doneness** | Yes | Yes |
| **Brushless DC Pump Motor** | Yes | Yes |
| **IPX7 Submersable** | Yes (Partial) | Yes |
| **Built-in Pump** | Yes | Yes |
| **Built-in Heater** | Yes | Yes |
| **Temperature Control Thermostat** | Yes | Yes |

18. The similarities between Preston SOUS VIDE products and the ChefSteps Joule Sous Vide are no mere coincidence. ChefSteps was a distributor of Preston SOUS VIDE circulators from at least 2012 through 2014. Moreover, Christoph Milz was a marketing manager of PolyScience (a division of Preston) from about 2009 through 2012; in that role, Mr. Milz gained a thorough knowledge of Preston's technology. Milz then joined ChefSteps and spent a year and a half consulting with the company as it was developing the ChefSteps Joule. ChefSteps, with help from Mr. Milz, launched its Joule Sous Vide circulator in late 2016. As a result, the ChefSteps' Joule Sous Vide has striking similarities in its features, as well as its functions and engineering techniques, to those developed by Preston.

19. Preston has requested royalties on Breville's sales of Joule Sous Vide, and has specifically identified how the Joule Sous Vide performs "substantially the same function" based on "substantially similar engineering techniques or processes" as the licensed technology. (See Ex. 4). In response, Breville has refused to pay royalties for the Joule Sous Vide arguing, among other grounds, that its product was developed by a third party, i.e., ChefSteps. However, the License contains no

- 7 -
COMPLAINT

language excluding products purportedly developed by a third party from the scope of the definition of "Current Product Range."

20. As another purported justification for its refusal to pay royalties, Breville contends that Preston's product "is intended for commercial use", while Joule Sous Vide "is intended for domestic use." Breville's contention is inaccurate, as nearly half of Preston's sales were achieved through domestic retailers, including Williams Sonoma. In any event, Breville's purported "domestic/commercial" market distinction cannot be found in the plain language of the License.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

21. Preston restates and incorporates by reference its previous allegations above, as if fully set forth herein.

22. Breville and Preston are parties to the License, which is valid, enforceable and supported by adequate consideration.

23. Preston substantially complied with its obligations under the License and/or was precluded from doing so by Breville.

24. Breville breached the License by failing to provide Preston with his full royalties due under the License.

25. Breville breached the License by unreasonably failing to pay Preston for royalties owed for sales of its Joule Sous Vide circulator under the License.

26. Breville's breaches of the IP Policy were material.

27. As a direct and proximate result of each of the above-referenced breaches, Preston has suffered and will continue to suffer significant damages.

28. Among other things, Preston is entitled to receive all payments owed to it under the License, as well as prejudgment interest.

29. Preston also is entitled to an award of its attorney's fees under Section 12.10 of the License.

# SECOND CAUSE OF ACTION – (ALTERNATIVE)
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

30. Preston restates and incorporates by reference its previous allegations above, as if fully set forth herein.

31. Breville and Preston are parties to the License, which is valid, enforceable and supported by adequate consideration.

32. Preston substantially complied with its obligations under the License and/or was precluded from doing so by Breville.

33. Should this Court determine that the License gave Breville discretion to disagree whether a particular product fits within the "Current Product Range," Breville's refusal to pay royalties on the Joule Sous Vide circulators was not reasonable, and thus was a breach of the implied covenant of good faith and fair dealing. Put differently, by acquiring, promoting and selling of products performing the substantially same function as the "Current Product Range" in direct competition with the "Current Product Range", Breville did not act fairly and in good faith, and has prevented Preston from receiving benefits under the License.

34. Preston's damages from such breach include the royalties which Breville should have paid, plus prejudgment interest.

35. Preston also is entitled to an award of its attorney's fees under Section 12.10 of the License.

**PRAYER FOR RELIEF**

WHEREFORE, PRESTON respectfully prays for judgment to be entered against Breville consisting of:

1. An award of monetary relief and royalties owed in the amount of any and all unpaid royalties under the License;

2. An award of Plaintiff attorneys' fees and costs of this action; and

3. An award of such other and further relief as this Court deems just and proper under the circumstances.

DATED: December 28, 2020   THE KNEAFSEY FIRM, INC.

By  /s/ Sean M. Kneafsey
Sean M. Kneafsey
Attorneys for Plaintiff PRESTON INDUSTRIES, INC.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of any issue triable by right of a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  December 28, 2020        THE KNEAFSEY FIRM, INC.

By  */s/ Sean M. Kneafsey*
Sean M. Kneafsey
Attorneys for Plaintiff PRESTON INDUSTRIES, INC.